UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE M. MORROW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:13-CV-1404-JAR |
| ) | |
| WEST ASSET MANAGEMENT, INC., ) | |
| MILLER and STEENO, P.C., and ) | |
| CHRISTY PORZEINSKI, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions for Referral to the Bankruptcy Court of the Eastern District of Missouri. (Doc. Nos. 18, 20) The motions are fully briefed and ready for disposition. For the following reasons, the motions will be denied.

**Background**

In this action Plaintiff claims Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") by attempting to collect a debt that was discharged in bankruptcy in violation of the discharge injunction. Plaintiff alleges that some time prior to 2005, she became indebted to Direct Merchants Bank in the approximate amount of $11,970.53. (Complaint "Compl."), Doc. No. 1, ¶ 8) The debt was transferred to Defendant West Asset for collection. (Compl., ¶ 9) On or about February 10, 2006, Defendant West Asset's collector, Defendant Miller and Steeno, obtained a judgment against Plaintiff in the amount of $11,970.53 plus $72.40 court costs and 20.90% interest per annum from the date of judgment. (Compl., ¶ 10)

In March 2006, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Missouri, case number 06-40795-659. (Compl., ¶ 11) In

1

her petition, Plaintiff listed the debt which is the subject of this lawsuit. (Compl., ¶13) On or about April 14, 2006, Defendant West Asset filed a claim in Plaintiff's case as a general unsecured claim in the amount of $11,028.05. (Compl., ¶16) In May 2006, Plaintiff's Chapter 13 Plan proposing to pay Defendant West Asset's claim in full as a secured claim with interest, was confirmed. (Compl., ¶ 14, 15) Plaintiff's bankruptcy was discharged on March 21, 2011. (Compl., ¶18)

Plaintiff further alleges that while in the process of selling her home, she was advised that her credit report showed an outstanding judgment in favor of Defendant West Asset that needed to be satisfied before the home could be sold. (Compl., ¶ 19) On or about August 8, 2012, Plaintiff obtained a copy of her credit report and confirmed that the alleged debt was showing as not satisfied. (Compl., ¶ 20) She then contacted Defendant Miller and Steeno to find out why the judgment was being reported as unsatisfied since it had been discharged in bankruptcy. After several phone calls a period of months, Defendant Porzeinski told Plaintiff the judgment still existed despite the bankruptcy and that she now owed $30,000.00. (Compl., ¶ 21-23)

In support of their motion, Defendants maintain that the bankruptcy court is the proper court to hear this case because the issue raised in Plaintiff's complaint, i.e., whether Defendants' judgment lien was discharged and/or extinguished in her bankruptcy, is a "core" proceeding under title 11. See 28 U.S.C. § 157(b)(2)(K) ("[C]ore proceedings include, but are not limited to determinations of the validity, extent or priority of liens.") (Mem. in Supp., Doc. No. 19, p. 2)[1] Defendants state the validity of their lien is necessary for a determination of their liability, if any, under the FDCPA. If the bankruptcy discharge did not extinguish the lien, then Plaintiff's allegations of FDCPA violations based on Defendants' alleged attempts to collect a debt discharged in bankruptcy fail. (Doc. No. 32, p. 2)

---

[1] Defendant West Asset adopts the arguments and authority in Defendants Miller and Steeno and Christy Porzeinski's Memorandum in Support. (See Doc. No. 21)

Plaintiff responds first that her complaint contains no allegations which could be construed as a case arising under title 11, or as a proceeding "arising in or related to" a case under title 11. (Doc. Nos. 27, 28 ¶ 3; Doc. Nos. 28, 30, pp. 4-6) Secondly, whether or not a lien exists, Plaintiff argues that Defendants are legally prohibited from attempting to collect from her personally, citing 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.") (Id., pp. 6-7)

Defendants reply that any efforts made to collect the debt were taken with respect to the lien that remained in force on Plaintiff's property, and not against her personally, and that they will move to reopen Plaintiff's case to allow for a determination of the extent and validity of the judgment lien at issue. (Reply, Doc. No. 32, p. 4)

In her supplemental response, Plaintiff argues that because Defendants' claim was allowed as a general unsecured claim in her bankruptcy case, they are judicially estopped from now asserting a lien securing the same claim. (Mem. in Reply, Doc. No. 34, pp. 2-5) As for Defendants' contention that they have not attempted to collect against her personally, Plaintiff notes there have been no efforts on the part of Defendants to execute or foreclose the lien against her property. (Id., p. 6)

**Discussion**

"Claims under the FDCPA . . . do not raise substantive rights created under bankruptcy law, as such claims can exist independently of a pending or ongoing bankruptcy case, and are not otherwise defined as core proceedings under 28 U.S.C. § 157(b)(2)." Garcia v. North Star Capital Acquisition, LLC (In re Garcia), 2013 WL 414177, at *4 (Bkrtcy.W.D.Tex. Feb. 1, 2013). See also, Harlan v. Rosenberg & Assocs., LLC (In re Harlan), 402 B.R. 703, 711 (Bkrtcy. W.D. Va. 2009). Thus, in order for the bankruptcy court to have jurisdiction over Plaintiff's claims, they

would have to fall within the bankruptcy court's "related to" jurisdiction. Garcia, 2013 WL 414177, at *4. The test for determining whether the bankruptcy court has "related to" jurisdiction over a proceeding is whether the "outcome could have any conceivable effect on the estate being administered in bankruptcy." Id. at *4-5.

The majority of courts that have considered FDCPA claims based on a creditor's post-petition collection activity have found that such claims are not "related to" the bankruptcy case. See Dotson v. United Recovery Group (In re Dotson), 2013 WL 5652732, at *4 (Bkrtcy. W.D.Va. Oct. 16, 2013) (citing Harlan, 402 B.R. 703, 714); Gates v. Didonato (In re Gates), 2004 WL 3237345, at *3 (Bkrtcy. E.D.Va. Oct. 20, 2004)). See also Wynne v. Aurora Loan Services, LLC (In re Wynne), 422 B.R. 763, 771 (Bkrtcy. M.D. Fla. 2010); Vienneau v. Saxon Capital, Inc. (In re Vienneau), 410 B.R. 329, 334 (Bkrtcy. D.Mass. 2009). "This result has been reached even in cases, such as is presented here, where the alleged violation of the FDCPA is inextricably part and parcel of a creditor's attempt to collect a debt which has been discharged." Dotson, 2013 WL 5652732, at *4 (citing Harlan, 402 B.R. at 713, Gates, 2004 WL 3237345 at *2). See also Garcia, 2013 WL 414177, at *5 (citations omitted.)

In Wynne, for example, the debtors filed a complaint alleging, *inter alia*, violations of the FDCPA. The Court found the claims were not "related to" the debtors' bankruptcy case because all of the conduct alleged in the complaint occurred post-petition. 422 B.R. at 771-72. "Because the outcome of the proceeding will not have any effect on the estate being administered in bankruptcy, the [d]ebtors' FDCPA and state law claims are not "related to" the bankruptcy case within the meaning of 28 U.S.C. § 1334(b)." Id. at 772.

Similarly, in Harlan, the debtors filed a complaint for damages based on alleged violations of the discharge injunction and the FDCPA. 402 B.R. at 708. The Court found the debtors' FDCPA claim was not "related to" the bankruptcy case. "Any recovery on a post-

4

petition claim under the FDCPA is not property of the bankruptcy estate under section 541(a)(1) of the Bankruptcy Code because the claim did not exist as of the commencement of the case. (citation omitted). Thus, the disposition of a post-petition FDCPA claim will have no conceivable effect on a debtor's bankruptcy estate." Id. at 712. Because the FDCPA claim would not benefit the estate, it was not related to the bankruptcy case, even though it may have shared a "common factual nexus" with the debtors' claim under § 524. Id. at 713.

Here, Plaintiff's allegations in support of her FDCPA claims relate to post-petition conduct. Therefore, her claims do not constitute property of her bankruptcy estate, and any recovery, should she prevail, would have no effect on the administration of her bankruptcy estate. Thus, these claims do not fall within the bankruptcy court's limited, "related to" jurisdiction. See Biege v. Sallie Mae Servicing, L.P. (In re Biege), 417 B.R. 697, 701 (Bkrtcy. M.D.Pa. 2009) (finding that debtors' claims under the FDCPA based on post-Chapter 13–discharge activity did not fall within the bankruptcy court's 'related to' jurisdiction); Steele v. Ocwen Federal Bank (In re Steele), 258 B.R. 319, 322 (Bkrtcy. D.N.H. 2001) (holding that bankruptcy court lacked jurisdiction over FDCPA and state law claims arising out of post-Chapter 13–discharge collection activity). Because the bankruptcy court lacks subject matter jurisdiction over Plaintiff's claims, the motions for referral to the bankruptcy court will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for Referral to the Bankruptcy Court of the Eastern District of Missouri [18, 20] are **DENIED**.

Dated this 25th day of November, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE